UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

TIEN VAN COA, ET AL                          CIVIL ACTION

VERSUS                                       NO: 07-7464

GREGORY WILSON, ET AL                        SECTION: J(1)

                           **ORDER AND REASONS**

   Before the Court is Plaintiffs' **Motion to Remand (Rec. Doc. 4).** This motion, which is opposed, was set for hearing on November 28, 2007 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiffs' Motion to Remand should be granted.

                           **Background Facts**

   This action arises out of a motor vehicle collision that occurred in Orleans Parish on October 16, 2006.  A vehicle driven by Plaintiff Tien Van Cao collided with a vehicle owned by Phillips and Jordan, Inc. ("P&J") and operated by Gregory Wilson, an employee of P&J.  The vehicle driven by Cao held four minor passengers.

   At the time of the accident, P&J was the prime contractor for the Corps of Engineers ("USACE"), privately contracted to

clear hurricane debris caused by Hurricane Katrina.

Plaintiffs brought suit in Louisiana state court in the Parish of Orleans alleging negligence on the part of P&J, its employee Wilson, and P&J's insurer, Tennessee Insurance Services, LLC.  Soon thereafter, Defendants removed the case alleging both complete diversity between the parties and invoking this Court's jurisdiction under the Federal Tort Claims Act ("FTCA").

## The Parties' Arguments

**A.  Diversity Jurisdiction**

According to Plaintiffs, complete diversity is lacking between the parties as Plaintiffs were all domiciled in Louisiana, as was Defendant Wilson.[1]  Also, no Plaintiff has a damage claim greater than $75,000, a fact to which Plaintiffs stipulate in their motion to remand.  As a result, this Court lacks diversity jurisdiction under 28 U.S.C. 1332.

Defendants fail to respond to these allegations.

**B.  Federal Question Jurisdiction**

As to federal question jurisdiction, Defendants state that P&J was the prime contractor for USACE and Gregory Wilson was its employee, with both parties acting under the control and direction of USACE, thus invoking derivative immunity from state tort claims.  As such, Plaintiffs' claims should have been

---

[1] Plaintiffs do not dispute the diversity of Defendant P&J, a foreign corporation incorporated in and with its principal place of business in Tennessee, or Defendant Tennessee Insurance Company, a foreign corporation incorporated and with its principal place of business outside of Louisiana.

brought under the FTCA and are governed exclusively thereunder.

However, in their motion to remand, Plaintiffs argue that as an *independent contractor*, P&J is not an employee of the federal government, and consequently does not enjoy derivative immunity and cannot invoke the FTCA.  Plaintiffs cite United States v. New Mexico in support of the notion that private contractors, whether prime or subcontractors, are not government employees nor are they agents of the federal government.  455 U.S. 720 (1982).  According to the Court, "[t]he congruence of professional interests between the contractors and the Federal Government is not complete" because "the contractors remained distinct entities pursuing private ends, and their actions remained commercial activities carried on for profit."  Id. at 740; see also Powell v. U.S. Cartridge Co., 339 U.S. 497 (1950).

Plaintiffs also cite Whitaker v. Harvell-Kilgore in which the Fifth Circuit held that a manufacturer of a grenade and the manufacturer of the fuse of the grenade were not entitled to sovereign immunity afforded to the federal government because they were independent contractors.  418 F.2d 1010 (5th Cir. 1969).

In opposition, Defendants state that P&J was the prime contractor for USACE, and not an independent contractor as Plaintiffs suggest.  According to Defendants, USACE maintained the lead role in all clean-up activities, and P&J merely acted as USACE's agent and manager.  As such, P&J is entitled to derivative immunity under the FTCA, resulting in exclusive

federal jurisdiction.  Yearsley v. Ross Constr. Co., 309 U.S. 18 (1940).

Furthermore, P&J relies upon the government contractor's defense, in an attempt to argue federal conflict preemption.[2] Under the declared state of emergency that followed Hurricane Katrina, P&J's operations came under and were authorized as "civil defense activities" resulting in a finding of immunity even if its conduct was negligent.  Defendants cite Sunrise Village Mobile Home Park, L.C. v. United States for the proposition that the government is immunized from claims arising from a government contractor's removal of debris from property because "disaster relief" is considered to be the exercise of the government's discretionary function.  42 Fed. Cl. 392 (1998); see also 42 U.S.C. 5173 (specifically designating debris removal as an exercise of federal government discretion).

Defendants also cite Hudgens v. Bell Helicopter Textron in which the Eleventh Circuit confirmed that service contractors such as P&J may invoke the government contractor defense to lawsuits seeking tort damages under state law.  328 F.3d 1329 (11th Cir. 2003) (finding that subjecting a contractor to liability under state tort law would create a significant

---

[2] Under the Stafford Act, the federal government is not "liable for any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a Federal agency or an employee of the Federal Government . . . ."  42 U.S.C. 5148.  Furthermore, the definition of what constitutes a "discretionary function" is the same as that term has been defined under the FTCA.

4

conflict with a unique federal interest).  Therefore, Defendants assert that federal court is the proper forum for this action.

In reply, Plaintiffs again assert that P&J is not an agent of the federal government, but is instead an independent contractor who remained a distinct entity pursuing private ends.  Also, Plaintiffs state that the government contractor's defense does not apply in this case.  According to Plaintiffs, the defense only applies to liability for design defects in military equipment.  Boyle v. United Technologies Corp., 487 U.S. 500 (1988).

## Discussion

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction.  See 28 U.S.C. § 1441(a).  Original diversity jurisdiction is appropriate where the matter in controversy exceeds $75,000 and is between citizens of different states.  28 U.S.C. § 1332(a)(1).  A defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists.  De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). Because Defendant has failed in satisfying this burden, this Court lacks diversity jurisdiction.

As to federal question jurisdiction, the FTCA "enables District Courts to exercise jurisdiction over claims against the United States for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of

5

his office or employment." <u>Davis v. United States</u>, 961 F.2d 53, 56 (5th Cir. 1991). The FTCA gives District Courts "exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . ." <u>Price v. United States</u>, 69 F.3d 46, 50 (5th Cir. 1995).

The question then becomes, was P&J considered to be a federal employee for purposes of the FTCA?[3] In other words, is P&J an agent of the federal government, or an independent contractor to which the FTCA does not apply?

In both cases relied upon by Plaintiffs, namely, <u>Powell</u> and <u>Whitaker</u>, the "independent contractor" designation derived from the manufacturer's contract with the government, which expressly stated that the contractor was an independent contractor and not an agent of the government. 339 U.S. at 501 n.2; 418 F.2d at 1014 n.4. Therefore, these cases are not precisely on point.

Absent an indication in the contract, the critical factor in distinguishing an independent contractor from an employee "is the power of the Federal Government 'to control the detailed physical performance of the contractor.'" <u>Rodriguez v. Sarabyn</u>, 129 F.3d 760 (5th Cir. 1997). However, this is not the only factor.

---

[3] See <u>Bynum v. FMC Corp.</u>, 770 F.2d 556, 564 (5th Cir.1985) ("[W]hen contractors as agents or officers of the federal government . . . work according to government specifications, they are entitled to assert the government's sovereign immunity in suits arising from that activity.").

Broussard v. United States, 989 F.2d 171 (5th Cir. 1993).  In Logue v. United States, the Supreme Court relied upon the Restatement (Second) of Agency, which lists other factors to consider when determining whether a person is an employee or independent contractor.  412 U.S. 521 (1973).  In addition to control, § 220 of the Restatement lists the following factors which may evidence the existence of an employee relationship: (1) the work does not require one who is highly educated or skilled; (2) the work is typically done by an employee in the locale, rather than an independent contractor; (3) the employer supplies the tools, instrumentalities, or place of work; (4) the employment is for a considerable period of time with regular hours; (5) the method of payment is by the hour or month; (6) the work is full-time employment by one employer; (7) the work is part of the employer's regular business; and (8) the parties believe they have created an employment relationship.  Rodriquez, 129 F.3d at 765, citing Logue, 412 U.S. at 527 & n.5.

   No party has submitted evidence of any of these factors to the Court.  A defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists.  De Aguilar, 47 F.3d at 1412.  Therefore, because Defendants have provided the Court with no evidence that P&J was a government employee, Defendants have failed to prove that jurisdiction exists.  As a result, this matter must be remanded.

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion to Remand (Rec. Doc. 4)** is hereby **GRANTED;** the above-captioned action is hereby **REMANDED** to the court from which it was removed.

New Orleans, Louisiana, this 29th day of November, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE